1  | **BLUMENTHAL, NORDREHAUG & BHOWMIK**
      Norman B. Blumenthal (State Bar #068687)
2       Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3  | 2255 Calle Clara
   La Jolla, CA 92037
4  | Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  | Website: www.bamlawca.com

6  | Attorneys for Plaintiff

7

8  | **E-filing**

9

10

11 |    **UNITED STATES DISTRICT COURT**

12 |    **NORTHERN DISTRICT OF CALIFORNIA**

13

14 | JULIA A. RIEVE, an individual, on    CASE No. _____
   behalf of herself and all persons
15 | similarly situated,                  **CLASS AND COLLECTIVE ACTION
                                        COMPLAINT FOR:**
16 |
                 Plaintiff,           1.   UNFAIR COMPETITION IN
17 |                                        VIOLATION OF CAL. BUS. &
   vs.                                     PROF. CODE §§ 17200 *et seq.*;
18 |                                   2.   FAILURE TO PAY OVERTIME
   COVENTRY HEALTH CARE, INC.;             COMPENSATION IN VIOLATION
19 | and COVENTRY HEALTH CARE               OF CAL. LAB. CODE §§ 510, 1194
   WORKERS COMPENSATION, INC.,            AND 1198, *et seq.*;
20 |                                   3.   FAILURE TO PROVIDE
                                        ACCURATE ITEMIZED WAGE
21 |             Defendant.               STATEMENTS IN VIOLATION
                                        OF CAL. LAB. CODE § 226;
22 |                                   4.   FAILURE TO REIMBURSE
                                        EMPLOYEES FOR REQUIRED
23 |                                      EXPENSES IN VIOLATION OF
                                        CAL. LAB. CODE § 2802; and,
24 |                                   5.   FAILURE TO PAY OVERTIME
                                        COMPENSATION IN VIOLATION
25 |                                      OF 29 U.S.C. §§ 201, *et seq.*

26 |                                   **DEMAND FOR A JURY TRIAL**

27

28

1    Plaintiff Julia A. Rieve ("PLAINTIFF"), an individual, on behalf of herself and all other

2    similarly situated current and former employees, alleges on information and belief, except for

3    her own acts and knowledge which are based on personal knowledge, the following:

4

5                                    **THE PARTIES**

6        1.     Defendant Coventry Health Care, Inc., a Delaware corporation, was

7    incorporated in 1998 under the laws of Delaware, with its principal place of business in

8    Bethesda, Maryland.  Coventry Health Care, Inc. also conducts business under the name

9    Coventry Workers' Comp Services.  Defendant Coventry Health Care Workers

10   Compensation, Inc. is also a Delaware corporation incorporated in 2007 under the laws of

11   Delaware with its principal place of business in Bethesda, Maryland.  Defendant Coventry

12   Health Care Workers Compensation, Inc. is owned and operated by Defendant Coventry

13   Health Care, Inc. and is part of the larger diversified national managed healthcare company

14   which operates health plans, insurance companies, network rental and workers'

15   compensation services companies.  Defendant Coventry Health Care, Inc. and Defendant

16   Coventry Health Care Workers Compensation, Inc. are hereinafter collectively referred to as

17   "COVENTRY" or "DEFENDANT."  At all relevant times mentioned herein, COVENTRY

18   conducted and continues to conduct substantial and regular business throughout California.

19       2.     Coventry Health Care, Inc. operates in three segments: Health Plan and

20   Medical Services, Specialized Managed Care, and Workers' Compensation.  Through these

21   three business divisions, the company provides a range of risk and fee-based managed care

22   products and services to a broad range of individuals, employer and government-funded

23   groups, government agencies, and other insurance carriers and administrators.  To ensure

24   that every individual and organization receives the greatest possible value for their health

25   care investment, COVENTRY's comprehensive medical management services bring

26   together members, employers and providers in order to collectively devise solutions that help

27   people enjoy optimal health.  While committed to delivering these products and services to

28   an ever-widening base of customers, COVENTRY has consequently placed the burden of

1  providing the requisite expertise, experience and agility "to get the job done" on a specific

2  group of employees.  An employer's obligation to pay its employees wages is more than a

3  matter of private concern between the parties.  This obligation is founded on a compelling

4  public policy judgment that employees are entitled to work a livable number of hours at a

5  livable wage.  In addition, statutes and regulations that compel employers to pay overtime

6  relate to fundamental issues of social welfare worthy of protection.  The requirement to pay

7  overtime wages extends beyond the benefits individual workers receive because overtime

8  wages discourage employers from concentrating work in a few overburdened hands and

9  encourage employers to instead hire additional employees.  Especially in today's economic

10  climate, the importance of spreading available work to reduce unemployment cannot be

11  overestimated.

12       3.     Plaintiff Julia A. Rieve ("PLAINTIFF") has been employed by DEFENDANT

13  in California as a "Registered Nurse (RN) Field Case Manager" since April 2007.

14       4.     The position of RN Field Case Manager was represented by DEFENDANT to

15  the PLAINTIFF and the others similarly situated as an exempt and a salaried position.

16       5.  ·    The employees employed in positions at COVENTRY with the titles of "Field

17  Case Manager," "RN Field Case Manager," "Medical Field Case Manager" and "Complex

18  Case Manager" (collectively the "Case Managers") all perform the same primary job duty

19  which is to perform day-to-day routine clerical work in the management of medical

20  conditions of injured workers and/or chronically ill patients on the production side of

21  DEFENDANT's business.  This job duty performed by the PLAINTIFF and the others

22  similarly situated primarily involves the following production tasks: meeting with clients in

23  their homes, physician's or therapist's offices and/or work sites, interviewing clients,

24  reviewing client's pre-injury and/or pre-illness position, making appointments with client's

25  physician or therapist, listening to and reviewing the physician's or therapist's diagnosis,

26  obtaining prescriptions, communicating both in-person and by telephone with clients,

27  employers, medical providers, attorneys, insurance carriers and claims adjusters, applying all

28  special instructions required by individual insurance carriers and referral sources, following

1   all pre-established and required case management plans, preparing reports and other required

2   paperwork to document all casework activities, meeting weekly billing requirements,

3   operating office machines, accessing filing cabinets, and attending staff meetings,

4   workshops and/or training programs.  Case Managers perform all of these production line

5   job functions according to established company policies, protocols and procedures.

6   According to COVENTRY company policy, while performing the job functions of a Case

7   Manager, the Case Managers are and were required to work in excess of eight (8) hours per

8   workday, forty (40) hours per workweek and work hours on the seventh (7th) consecutive

9   day of a workweek.

10        6.      To perform their primary job duty, the PLAINTIFF and the others similarly

11   situated are part of the production team that produces one of DEFENDANT's products

12   which is medical case management and disability management for injured workers and

13   chronically ill patients.  Given the circumstances of the job functions performed by the

14   PLAINTIFF and the others similarly situated, the PLAINTIFF and the others similarly

15   situated are hired as registered nurses for Case Manager positions since their nursing

16   experience is useful for reviewing medical data, but they do not provide "traditional" direct

17   medical services to injured workers or chronically ill patients, render an opinion or make any

18   medical diagnosis (which is prohibited by state law).  PLAINTIFF and others similarly

19   situated did not primarily perform office or non-manual staff functions directly related to

20   policymaking and/or the general operation of COVENTRY.  The work of the PLAINTIFF

21   and the others similarly situated did not require the use of "traditional" nursing skills,

22   training, experience and/or knowledge.  Instead, the PLAINTIFF and the others similarly

23   situated all served as Case Managers whose primary job duty was and is to perform day-to-

24   day routine clerical work in the management of medical conditions of injured workers and/or

25   chronically ill patients.  Courts and State Labor Boards have held that registered nurses, like

26   the PLAINTIFF and the others similarly situated, who are not expected to utilize

27   "traditional" nursing skills and instead rely on company manuals to perform administrative

28   services, or who do not need a nursing degree or license to qualify for employment, do not

1  exercise discretion and independent judgment as to matters of significance, and therefore,

2  are non-exempt employees entitled to overtime compensation.  Therefore, the PLAINTIFF

3  and all the others similarly situated should have been properly classified as non-exempt

4  employees.  This Action is brought on behalf of the PLAINTIFF and all those employees

5  who performed work for DEFENDANT in California as a Case Manager (the "CLASS" or

6  "Class Members") during the period beginning of the date four (4) years before the filing of

7  this Action and ending on the date as determined by the Court (the "CLASS PERIOD").

8      7.    Case Managers all perform the same primary job duty which is to perform day-

9  to-day routine clerical work in the management of medical conditions of injured workers

10  and/or chronically ill patients on the production side of DEFENDANT's business and in

11  accordance with DEFENDANT's company policies, practices and procedures.

12      8.    For DEFENDANT's business, the Class Members functioned as working

13  members in DEFENDANT's Health Plan and Medical Services division, Specialized

14  Managed Care division, and Workers' Compensation division.  As defined by

15  DEFENDANT's comprehensive corporate policies, practices and procedures, the Class

16  Members employed by COVENTRY were at all times required to perform day-to-day

17  routine clerical work in the management of medical conditions of injured workers and/or

18  chronically ill patients in accordance with DEFENDANT's uniform policies, practices,

19  procedures and operations which govern and control every aspect of the work performed by

20  the Case Managers.  These standardized procedures mirror the realities of the workplace

21  evidencing a uniformity of work among the Case Managers and negate any exercise of

22  discretion and independent judgment as to any matter of significance.

23      9.    The work schedule for the Case Managers was set by DEFENDANT.

24  Generally, the Class Members work ten (10) to twelve (12) hours each workday and ten (10)

25  to twenty (20) hours of overtime each workweek.

26      10.    DEFENDANT has not established an alternative workweek election for the

27  Case Managers for ten (10) to twelve (12) hour workdays.

28      11.    PLAINTIFF and the other Class Members were not provided with overtime

1   compensation and other benefits required by law as a result of being classified as "exempt"

2   by DEFENDANT.

3         12.    PLAINTIFF brings this Class Action on behalf of herself and a California

4   Class consisting of all individuals who are or previously were employed by Defendant

5   Coventry Health Care, Inc. and by Defendant Coventry Health Care Workers Compensation,

6   Inc. as a Case Manager in California (the "CALIFORNIA CLASS") during the period

7   beginning on the date four (4) years before the filing of this Action and ending on the date as

8   determined by the Court (the "CALIFORNIA CLASS PERIOD").

9         13.    As a matter of company policy, practice and procedure, DEFENDANT has

10   unlawfully, unfairly and/or deceptively classified every Case Manager as exempt based on

11   job title alone, failed to pay required overtime compensation and otherwise failed to comply

12   with all applicable labor laws with respect to these Case Managers.

13         14.    The agents, servants, and/or employees of DEFENDANT and each of them

14   acting on behalf of DEFENDANT acted within the course and scope of his, her or its

15   authority as the agent, servant, and/or employee of DEFENDANT, and personally

16   participated in the conduct alleged herein on behalf of DEFENDANT with respect to the

17   conduct alleged herein.  Consequently, DEFENDANT is jointly and severally liable to the

18   PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as

19   a proximate result of the conduct of DEFENDANT's agents, servants, and/or employees.

20

21                   **THE CONDUCT**

22         15.    The primary job duty required of the Class Members as defined by

23   DEFENDANT is executed by the Class Members through the performance of non-exempt

24   production labor within a defined skill set.

25         16.    Although the PLAINTIFF and the other Class Members primarily performed

26   non-exempt production labor, DEFENDANT instituted a blanket classification policy,

27   practice and procedure by which all of these Class Members were classified as exempt from

28   overtime compensation, meal breaks and rest breaks.  By reason of this uniform exemption

policy, practice and procedure applicable to the PLAINTIFF and the other Class Members who performed this non-exempt labor, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify the PLAINTIFF and the other Class Members and thereby failed to pay them overtime wages for overtime hours worked and provide them with meal and rest breaks. The proper classification of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to pay all required overtime compensation for work performed by the Class Members and violated the California Labor Code and regulations promulgated thereunder as herein alleged. In addition, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to the PLAINTIFF and the other Class Members as required by the applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which provided meal and rest breaks to the PLAINTIFF and the other Class Members. As a result, DEFENDANT's failure to provide the PLAINTIFF and the Class Members with legally required meal and rest breaks is evidenced by DEFENDANT's business records which contain no record of these breaks. In addition, DEFENDANT failed to reimburse the PLAINTIFF and the Class Members for necessary expenses incurred in the discharge of their job duties for DEFENDANT's benefit which include, but are not limited, to home office expenses including a fax machine, printer and shredder.

17. DEFENDANT, as a matter of law, has the burden of proving that (a) employees are properly classified as exempt and that (b) DEFENDANT otherwise complies with applicable laws. Other than the initial classification of the PLAINTIFF and the other Class Members as exempt from being paid overtime based on job title alone, DEFENDANT had no business policy, practice or procedure to ensure that the PLAINTIFF and the other Class Members were properly classified as exempt, and in fact, as a matter of corporate policy erroneously and unilaterally classified all the Class Members as exempt based on job title alone.

18.     During their employment with DEFENDANT, the PLAINTIFF and the other Class Members primarily performed non-exempt job duties, but were nevertheless classified by DEFENDANT as exempt from overtime pay and worked more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive day of a workweek.

19.     PLAINTIFF and the other Class Members employed by DEFENDANT were not primarily engaged in work of a type that was or now is directly related to the management or general business operation of the employer's customers, when giving these words a fair but narrow construction. PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed at the level of the policy or management of DEFENDANT. PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, but rather their work primarily involves the performance of routine mental, manual, and/or physical processes. PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in work that is predominantly intellectual and varied in character, but rather is routine mental, manual, mechanical, and/or physical work that is of such character that the output produced or the result accomplished can be standardized in relation to a given period of time. The work of a Case Manager of DEFENDANT was work wherein the PLAINTIFF and the Class Members were primarily engaged in a day-to-day routine clerical work in the management of medical conditions of injured workers and/or chronically ill patients on the production side of DEFENDANT's business and in accordance with DEFENDANT's company policies, practices and procedures.

20.     The fact that the work of these Class Members may have involved work using a specialized skill set or technical abilities in a defined technical area does not mean that the PLAINTIFF or the other Case Managers employed by DEFENDANT are exempt from overtime wages. Indeed, the exercise of discretion and independent judgment must be more than the use of a highly technical skill set described in a manual or other sources. The work

that the PLAINTIFF and the other Class Members employed by DEFENDANT were and are primarily engaged in is performing day-to-day non-exempt production activities which is work that is required to be performed as part of the day-to-day-business of DEFENDANT. As a result, the PLAINTIFF and the other Class Members employed by DEFENDANT were primarily engaged in work that falls on the production/non-exempt administration side of the administrative/production worker dichotomy and therefore should have been properly classified as non-exempt employees.

21.     Class Members are classified as exempt from California overtime and related laws by DEFENDANT, however, these employees do not have managerial duties or authority and were not the actual executives of DEFENDANT or any recognized subdivision of DEFENDANT's enterprise and are therefore managers, administrators and/or executives in name only. Class Members perform these ongoing day-to-day non-exempt production activities because they have a minimal role in providing "traditional" direct medical services to injured workers and/or chronically ill patients. Furthermore, the Class Members do not use "traditional" nursing skills and training, but instead, rely on company manuals to perform clerical work in the management of medical conditions. The Class Members are tightly controlled by company policy and by their managers, do not exercise discretion and independent judgment as to any matter of significance, and their job functions are not directly related to DEFENDANT's management policies or general business operation.

22.     PLAINTIFF and the CALIFORNIA CLASS members are and were uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT failed to take the proper steps to determine whether the PLAINTIFF and the CALIFORNIA CLASS members were properly classified under the applicable Industrial Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as exempt from applicable California labor laws. Since DEFENDANT affirmatively and wilfully misclassified the PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law. In addition, DEFENDANT acted deceptively by falsely and

1    fraudulently telling the PLAINTIFF and each member of the CALIFORNIA CLASS that

2    they were exempt from overtime pay when DEFENDANT knew or should have known that

3    this statement was false and not based on known facts. DEFENDANT also acted unfairly by

4    violating the California labor laws, and as a result of this policy and practice, DEFENDANT

5    also violated the UCL. In doing so, DEFENDANT cheated the competition by paying the

6    CALIFORNIA CLASS less than the amount competitors paid who complied with the law

7    and cheated the CALIFORNIA CLASS by not paying them in accordance with California

8    law.

9         23.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF

10   and the other Class Members with a wage statement in writing that accurately sets forth

11   gross wages earned, all applicable hourly rates in effect during the pay period and the

12   corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

13   Class Members. This conduct violates California Labor Code § 226. The pay stub also does

14   not accurately display anywhere the PLAINTIFF's and the other Class Members' overtime

15   hours and applicable rates of overtime pay for the pay period.

16        24.    By reason of this uniform conduct applicable to the PLAINTIFF and all the

17   CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in

18   violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the

19   "UCL"), by engaging in a company-wide policy and procedure which failed to correctly

20   classify the PLAINTIFF and the CALIFORNIA CLASS of Class Members as non-exempt.

21   The proper classification of these employees is DEFENDANT's burden. As a result of

22   DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

23   failed to properly calculate and/or pay all required overtime compensation for work

24   performed by the CALIFORNIA CLASS members and violated the applicable Wage Order,

25   the California Labor Code and the regulations promulgated thereunder as herein alleged.

26

27

28                              **THE UCL REMEDIES**

25.     As a result of DEFENDANT's UCL violation, the PLAINTIFF, on behalf of herself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund in order to provide restitution of all the money that DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFF and all the other CALIFORNIA CLASS members.  PLAINTIFF also seeks all other relief available to her and the other Class Members located in California under California law. PLAINTIFF also seeks declaratory relief finding that the employment policies, practices and procedures of DEFENDANT violate California law.

### THE CALIFORNIA CLASS

26.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL") as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California Class defined as all individuals who are or previously were employed by Defendant Coventry Health Care, Inc. and by Defendant Coventry Health Care Workers Compensation, Inc. as a Case Manager as hereinabove defined in California (the "CALIFORNIA CLASS") during the period beginning on the date four (4) years before the filing of this Action and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

27.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

28.     DEFENDANT,  as a matter of corporate policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of California law, intentionally, knowingly and wilfully engaged in a practice whereby DEFENDANT unlawfully, unfairly and deceptively instituted a practice to ensure that the employees employed in a Case Manager position were not properly classified as non-exempt from the requirements of

1   California Labor Code §§ 510, *et seq.*

2      29.   DEFENDANT has the burden of proof that each and every employee is

3   properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*

4   DEFENDANT, however, as a matter of uniform and systematic policy, practice and

5   procedure had in place during the CALIFORNIA CLASS PERIOD and still has in place a

6   policy, practice and procedure that misclassifies the CALIFORNIA CLASS members as

7   exempt. DEFENDANT's uniform policy, practice and procedure in place at all times during

8   the CALIFORNIA CLASS PERIOD and currently in place is to systematically classify each

9   and every CALIFORNIA CLASS member as exempt from the requirements of the

10   California Labor Code §§ 510, *et seq.* This common business practice applicable to each

11   and every CALIFORNIA CLASS member can be adjudicated on a class-wide basis as

12   unlawful, unfair, and/or deceptive under California Business & Professions Code §§ 17200

13   *et seq.* (the "UCL") as causation, damages and reliance are not elements of this claim.

14      30.   At no time before or during the PLAINTIFF's employment with

15   DEFENDANT was any Class Member reclassified as non-exempt from the applicable

16   requirements of California Labor Code §§ 510, *et seq.* after each CALIFORNIA CLASS

17   member was initially, uniformly and systematically classified as exempt upon being hired.

18      31.   Any individual declarations of any employees offered at this time purporting

19   to indicate that one or more Class Member may have been properly classified is of no force

20   or affect absent contemporaneous evidence that DEFENDANT's uniform system did not

21   misclassify the PLAINTIFF and the other Class Members as exempt pursuant to Cal. Lab.

22   Code §§ 510, *et seq.* Absent proof of such a contemporaneous system, DEFENDANT's

23   business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be

24   so adjudicated on a class-wide basis. As a result of the UCL violations, the PLAINTIFF and

25   the CALIFORNIA CLASS members are entitled to compel DEFENDANT to provide

26   restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to restitute

27   these funds to the PLAINTIFF and the CALIFORNIA CLASS members according to proof.

28      32.   The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA

1    CLASS members is impracticable.

2         33.    During the CALIFORNIA CLASS PERIOD, COVENTRY violated the rights

3    of the PLAINTIFF and the CALIFORNIA CLASS members under California law, without

4    limitation, in the following manners:

5              (a)    Violating the California Unfair Competition law, Cal. Bus. & Prof.

6                     Code §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or

7                     deceptively having in place company policies, practices and procedures

8                     that uniformly misclassified the PLAINTIFF and the members of the

9                     CALIFORNIA CLASS as exempt;

10             (b)    Committing an act of unfair competition in violation of the UCL, by

11                    unlawfully, unfairly and/or deceptively failing to have in place a

12                    company policy, practice and procedure that accurately determined the

13                    amount of working time spent by the PLAINTIFF and the members of

14                    the CALIFORNIA CLASS performing non-exempt labor;

15             (c)    Committing an act of unfair competition in violation of the UCL, by

16                    having in place a company policy, practice and procedure that failed to

17                    reclassify as non-exempt those members of the CALIFORNIA CLASS

18                    whose actual job duties are primarily comprised of non-exempt job

19                    functions;

20             (d)    Committing an act of unfair competition in violation of the UCL, by

21                    violating Cal. Lab. Code §§ 510, *et seq.* by failing to pay the correct

22                    overtime pay to the PLAINTIFF and CALIFORNIA CLASS members

23                    who were improperly classified as exempt, and retaining the unpaid

24                    overtime to the benefit of DEFENDANT;

25             (e)    Committing an act of unfair competition in violation of the UCL, by

26                    failing to provide mandatory meal and/or rest breaks to the PLAINTIFF

27                    and the CALIFORNIA CLASS members;

28             (f)    Committing an act of unfair competition in violation of the UCL, by

1                violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF

2                and the CALIFORNIA CLASS members with an accurate itemized

3                statement in writing showing the gross wages earned, the net wages

4                earned, all applicable hourly rates in effect during the pay period and

5                the corresponding number of hours worked at each hourly rate by the

6                employee;

7        (g)     Committing an act of unfair competition in violation of the UCL, by

8                violating Cal. Lab. Code § 2802 by failing to reimburse the

9                PLAINTIFF and the CALIFORNIA CLASS members with necessary

10               expenses incurred in the discharge of their job duties; and,

11       (h)     Committing an act of unfair competition in violation of the UCL, by

12               violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

13               *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF

14               and the CALIFORNIA CLASS members who were improperly

15               classified as exempt as legally required by the FLSA, and retaining the

16               unpaid overtime to the benefit of DEFENDANT.

17     34.    This Class Action meets the statutory prerequisites for the maintenance of a

18 Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

19        (a)     The persons who comprise the CALIFORNIA CLASS are so numerous

20               that the joinder of all such persons is impracticable and the disposition

21               of their claims as a class will benefit the parties and the Court;

22        (b)     Nearly all factual, legal, statutory and declaratory relief issues that are

23               raised in this Complaint are common to the CALIFORNIA CLASS and

24               will apply uniformly to every member of the CALIFORNIA CLASS;

25        (c)     The claims of the representative PLAINTIFF are typical of the claims

26               of each member of the CALIFORNIA CLASS. PLAINTIFF, like all

27               the CALIFORNIA CLASS members, was initially classified as exempt

28               upon hiring based on the defined corporate policies, practices and

procedures and labored under DEFENDANT's systematic policy, practice and procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, unfair, deceptive and pervasive pattern of misconduct engaged in by DEFENDANT by deceptively advising all the CALIFORNIA CLASS members that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

35.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

i)      Inconsistent or varying adjudications with respect to individual

1  members of the CALIFORNIA CLASS which would establish
2  incompatible standards of conduct for the parties opposing the
3  CALIFORNIA CLASS; and/or,

4  ii)  Adjudication with respect to individual members of the
5  CALIFORNIA CLASS which would as a practical matter be
6  dispositive of interests of the other members not party to the
7  adjudication or substantially impair or impede their ability to
8  protect their interests.

9  (b)  The parties opposing the CALIFORNIA CLASS have acted or refused
10  to act on grounds generally applicable to the CALIFORNIA CLASS,
11  making appropriate class-wide relief with respect to the CALIFORNIA
12  CLASS as a whole in that DEFENDANT uniformly classified and
13  treated the Class Members as exempt and, thereafter, uniformly failed
14  to take proper steps to determine whether the CALIFORNIA CLASS
15  members were properly classified as exempt, and thereby denied these
16  employees overtime wages as required by law.

17  i)  With respect to the First Cause of Action, the final relief on
18  behalf of the CALIFORNIA CLASS sought does not relate
19  exclusively to restitution because through this claim the
20  PLAINTIFF seeks declaratory relief holding that
21  DEFENDANT's policy, practice and procedure constitute unfair
22  competition, along with incidental equitable relief as may be
23  necessary to remedy the conduct declared to constitute unfair
24  competition.

25  (c)  Common questions of law and fact exist as to the members of the
26  CALIFORNIA CLASS, with respect to the practices and violations of
27  California law as listed above, and predominate over any question
28  affecting only individual members, and a Class Action is superior to

other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i)     The interests of the CALIFORNIA CLASS members in individually controlling the prosecution or defense of separate actions;

ii)    The extent and nature of any litigation concerning the controversy already commenced by or against the CALIFORNIA CLASS members;

iii)   In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, a Class Action is the only means to assert their claims through a representative;

iv)   The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

v)    The difficulties likely to be encountered in the management of a Class Action; and,

vi)   The basis of DEFENDANT's policies, practices and procedures uniformly applied to all CALIFORNIA CLASS members.

36.    This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because DEFENDANT's employment practices were uniformly and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair

1   and efficient adjudication of the claims of the members of the
2   CALIFORNIA CLASS because in the context of employment litigation
3   a substantial number of individual class members will avoid asserting
4   their rights individually out of fear of retaliation or adverse impact on
5   their employment;

6   (c)   The members of the CALIFORNIA CLASS are so numerous that it is
7   impractical to bring all members of the CALIFORNIA CLASS before
8   the Court;

9   (d)   PLAINTIFF and the other CALIFORNIA CLASS members will not be
10   able to obtain effective and economic legal redress unless the action is
11   maintained as a Class Action;

12   (e)   There is a community of interest in obtaining appropriate legal and
13   equitable relief for the acts of unfair competition, statutory violations
14   and other improprieties, and in obtaining adequate compensation for the
15   injuries which DEFENDANT's actions have inflicted upon the
16   CALIFORNIA CLASS;

17   (f)   There is a community of interest in ensuring that the combined assets of
18   DEFENDANT are sufficient to adequately compensate the members of
19   the CALIFORNIA CLASS for the injuries sustained;

20   (g)   DEFENDANT has acted or refused to act on grounds generally
21   applicable to the CALIFORNIA CLASS, thereby making final class-
22   wide relief appropriate with respect to the CALIFORNIA CLASS as a
23   whole;

24   (h)   The members of the CALIFORNIA CLASS are readily ascertainable
25   from the business records of DEFENDANT.  The CALIFORNIA
26   CLASS consists of all DEFENDANT's Class Members employed in
27   California during the CALIFORNIA CLASS PERIOD; and,

28   (i)   Class treatment provides manageable judicial treatment calculated to

1      bring an efficient and a rapid conclusion to all litigation of all wage and

2      hour related claims arising out of the conduct of DEFENDANT as to

3      the members of the CALIFORNIA CLASS.

4   37.  DEFENDANT maintains records from which the Court can ascertain and

5 identify by name and job title, each of DEFENDANT's employees who have been

6 systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies,

7 practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the

8 complaint to include any additional job titles of similarly situated employees when they have

9 been identified.

10

11        **THE CALIFORNIA LABOR SUB-CLASS**

12   38.  PLAINTIFF further brings the Second, Third and Fourth Causes of Action on

13 behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were

14 employed by Defendant Coventry Health Care, Inc. and by Defendant Coventry Health Care

15 Workers Compensation, Inc. during the period beginning on the date three (3) years before

16 the filing of this Action and ending on the date as determined by the Court (the

17 "CALIFORNIA LABOR SUB-CLASS PERIOD"), who performed work in excess of eight

18 (8) hours in one day and/or forty (40) hours in one week and/or on the seventh (7th)

19 consecutive day of a workweek and did not receive overtime compensation (the

20 "CALIFORNIA LABOR SUB-CLASS") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

21   39.  DEFENDANT, as a matter of corporate policy, practice and procedure,

22 and in violation of the applicable California Labor Code ("Labor Code") and Industrial

23 Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully

24 and systematically misclassified the PLAINTIFF and the other members of the

25 CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from

26 overtime wages and other labor laws based on DEFENDANT's comprehensive policies,

27 practices and procedures in order to avoid the payment of overtime wages by misclassifying

28 their positions as exempt from overtime wages and other labor laws.

1      40.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

2   LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS

3   PERIOD should be adjusted accordingly.

4      41.    DEFENDANT has intentionally and deliberately created a multi-tiered

5   management structure with numerous levels. PLAINTIFF and the other CALIFORNIA

6   LABOR SUB-CLASS members are at the bottom of the pyramid, acting as low-level

7   functionaries whose primary job duty is the production activity of performing day-to-day

8   routine clerical work in the management of medical conditions of injured workers and/or

9   chronically ill patients in accordance with DEFENDANT's strict, uniform policies,

10  practices, procedures and operations. The job levels and job titles such as "Field Case

11  Manager," "RN Field Case Manager," "Medical Field Case Manager" and "Complex Case

12  Manager" (collectively the "Case Managers") were distributed in order to create the

13  superficial appearance of a number of unique jobs, when in fact, these jobs are substantially

14  similar and can be easily grouped together with other jobs for the purpose of determining

15  whether they were all misclassified. One of DEFENDANT's purposes in creating and

16  maintaining this multi-level job classification scheme is to create an artificial barrier to

17  discovery and class certification for all employees similarly misclassified as exempt.

18  DEFENDANT has uniformly misclassified these CALIFORNIA LABOR SUB-CLASS

19  members as exempt and denied them overtime wages and other benefits to which non-

20  exempt employees are entitled, in order to unfairly cheat the competition and unlawfully

21  profit.

22     42.    DEFENDANT maintains records from which the Court can ascertain and

23  identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

24  SUB-CLASS members have been systematically, intentionally and uniformly misclassified

25  as exempt as a matter of DEFENDANT's corporate policies, practices and procedures.

26  PLAINTIFF will seek leave to amend the complaint to include these additional job titles

27  when they have been identified.

28     43.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

1    CALIFORNIA LABOR SUB-CLASS members is impracticable.

2         44.    Common questions of law and fact exist as to members of the CALIFORNIA

3    LABOR SUB-CLASS, including, but not limited, to the following:

4               (a)    Whether DEFENDANT's policies, practices and pattern of conduct

5                      described in this Complaint was and is unlawful;

6               (b)    Whether DEFENDANT unlawfully failed to pay overtime

7                      compensation to the CALIFORNIA LABOR SUB-CLASS members in

8                      violation of the California Labor Code, California regulations and the

9                      applicable California Wage Order;

10              (c)    Whether the CALIFORNIA LABOR SUB-CLASS members are non-

11                     exempt employees entitled to overtime compensation for overtime

12                     hours worked under the overtime pay requirements of California law;

13              (d)    Whether DEFENDANT's policy, practice and procedure of classifying

14                     the CALIFORNIA LABOR SUB-CLASS members as exempt from

15                     overtime compensation and failing to pay the CALIFORNIA LABOR

16                     SUB-CLASS members overtime violates applicable provisions of

17                     California law;

18              (e)    Whether DEFENDANT unlawfully failed to keep and furnish

19                     CALIFORNIA LABOR SUB-CLASS members with accurate records

20                     of overtime hours worked;

21              (f)    Whether DEFENDANT unlawfully failed to reimburse the

22                     CALIFORNIA LABOR SUB-CLASS members for required expenses

23                     incurred in the discharge of their job duties;

24              (g)    Whether DEFENDANT's policy and practice of failing to pay the

25                     CALIFORNIA LABOR SUB-CLASS members all wages when due

26                     within the time required by law after their employment ended violates

27                     California law;

28              (h)    The proper measure of damages and penalties owed to the members of

1              the CALIFORNIA LABOR SUB-CLASS;

2         (i)    Whether DEFENDANT has engaged in unfair competition by the

3                above-listed conduct; and,

4         (j)    Whether DEFENDANT's conduct was willful.

5    45.    DEFENDANT, as a matter of corporate policy, practice and procedure,

6  erroneously classified all of the CALIFORNIA LABOR SUB-CLASS members as exempt

7  from overtime wages and other labor laws.  All of the CALIFORNIA LABOR SUB-CLASS

8  members, including the PLAINTIFF, performed the same primary job functions and were

9  paid by DEFENDANT according to uniform and systematic company policies, practices and

10 procedures, which, as alleged herein above, failed to correctly pay overtime compensation.

11 This business practice was uniformly applied to each and every CALIFORNIA LABOR

12 SUB-CLASS members, and therefore, the propriety of this conduct can be adjudicated on a

13 class-wide basis.

14   46.    DEFENDANT uniformly violated the rights of the CALIFORNIA LABOR

15 SUB-CLASS under California law, without limitation, in the following manners:

16         (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby

17                failing to pay the PLAINTIFF and the members of the CALIFORNIA

18                LABOR SUB-CLASS the correct overtime pay for a workday longer

19                than eight (8) hours, a workweek longer than forty (40) hours, and/or all

20                hours worked on the seventh (7th) consecutive day of a workweek for

21                which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

22         (b)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

23                when an employee is discharged or quits from employment, the

24                employer must pay the employee all wages due without abatement, by

25                failing to tender full payment and/or restitution of wages owed or in the

26                manner required by California law to the members of the

27                CALIFORNIA LABOR SUB-CLASS who have terminated their

28                employment;

(c)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members who were improperly classified as exempt with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(d)    Violating Cal. Lab. Code § 2802, by failing to reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties.

47.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was improperly classified as exempt and denied overtime pay as a result of DEFENDANT's systematic classification practices. PLAINTIFF and all the other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who is competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all the Class Members.

48.    In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

i)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

ii)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

whole in that DEFENDANT uniformly classified and treated the CALIFORNIA LABOR SUB-CLASS as exempt and, thereafter, uniformly failed to take proper steps to determine whether the CALIFORNIA LABOR SUB-CLASS members were properly classified as exempt, and thereby denied these employees overtime wages as required by law.

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i)      The interests of the CALIFORNIA LABOR SUB-CLASS members in individually controlling the prosecution or defense of separate actions;

ii)     The extent and nature of any litigation concerning the controversy already commenced by or against the CALIFORNIA LABOR SUB-CLASS members;

iii)    In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, a Class Action is the only means to assert their claims through a representative;

iv)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

v)      The difficulties likely to be encountered in the management of a

Class Action; and,

vi) The basis of DEFENDANT's policies, practices and procedures uniformly applied to all CALIFORNIA LABOR SUB-CLASS members.

49. This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of

the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

    (g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of DEFENDANT's CALIFORNIA CLASS who worked overtime hours and who were not paid overtime; and,

    (i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

50.    This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of the PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

51.    Further, with respect to the state law class claims, these state law class claims are brought as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that exceeds 100 persons, that involves more than $5,000,000 in controversy and where the citizenship of at least one member of the class is diverse from that of DEFENDANT.  As a result, this Court also has original jurisdiction over the state law class claims under 28 U.S.C. § 1332 (CAFA Jurisdiction).

52.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this District; (ii) DEFENDANT maintains offices or facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CALIFORNIA

CLASS in this District.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)

53.     PLAINTIFF and the CALIFORNIA CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 52 of this Complaint.

54.     DEFENDANT is a "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

55.     California Business & Professions Code §§ 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

56.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to Wage Order 4-2001, the California Labor Code including Sections 201, 202, 204, 510, 1194 & 1198, the regulations of the Department of Labor and the opinions of the Department of Labor Standards Enforcement for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

57.     By the conduct alleged herein, DEFENDANT's practices were unfair in that

1  these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or

2  substantially injurious to employees, and are without valid justification or utility for which

3  this Court should issue equitable and injunctive relief pursuant to Section 17203 of the

4  California Business & Professions Code, including restitution of wages wrongfully

5  withheld.

6      58.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

7  fraudulent in that DEFENDANT's uniform misclassification practice was to represent to the

8  CALIFORNIA CLASS members that they were not entitled to overtime compensation and

9  other benefits as required by California law, when in fact these representations were false

10  and likely to deceive for which this Court should issue equitable and injunctive relief

11  pursuant to Section 17203 of the California Business & Professions Code, including

12  restitution of wages wrongfully withheld.

13      59.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

14  deceptive in that DEFENDANT's uniform policies, practices and procedures failed to

15  provide mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA

16  CLASS members.

17      60.    Therefore, the PLAINTIFF demands on behalf of herself and on behalf of

18  each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-

19  duty meal period was not timely provided for each five (5) hours of work, and/or one (1)

20  hour of pay for each workday in which a second off-duty meal period was not timely

21  provided for each ten (10) hours of work.

22      61.    PLAINTIFF further demands on behalf of herself and on behalf of each

23  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest

24  period was not timely provided as required by law.

25      62.    By and through the unlawful, unfair and deceptive business practices

26  described herein above, DEFENDANT has obtained valuable property, money and services

27  from the PLAINTIFF and the CALIFORNIA CLASS members and has deprived them of

28  valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

1    DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who

2    comply with the law. Declaratory and equitable relief is necessary to prevent and remedy

3    this unfair competition.

4         63.    All the acts described herein as violations of, among other things, the

5    California Labor Code, the California Code of Regulations and the Industrial Welfare

6    Commission Wage Orders, are unlawful, are in violation of public policy, are immoral,

7    unethical, oppressive, unscrupulous, and are likely to deceive employees, as herein alleged,

8    and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

9    Bus. & Prof. Code §§ 17200 *et seq.*

10        64.    PLAINTIFF and the CALIFORNIA CLASS members are further entitled to,

11   and do, seek such relief as may be necessary to restore to them the property and money

12   which DEFENDANT has acquired, or of which the PLAINTIFF and the CALIFORNIA

13   CLASS members have been deprived, by means of the described unlawful, unfair and

14   deceptive business practices.

15        65.    PLAINTIFF and the CALIFORNIA CLASS members are further entitled to,

16   and do, seek a declaration that the described business practices are unlawful, unfair and

17   deceptive and that injunctive relief should be issued restraining DEFENDANT from

18   engaging in any unlawful and unfair business practices in the future.

19        66.    PLAINTIFF and the CALIFORNIA CLASS members have no plain, speedy

20   and/or adequate remedy at law that will end the unlawful and unfair business practices of

21   DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

22   As a result of the unfair and unlawful business practices described herein, the PLAINTIFF

23   and the CALIFORNIA CLASS members have suffered and will continue to suffer

24   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

25   engage in these unlawful and unfair business practices.

26

27                          **SECOND CAUSE OF ACTION**

28                   **For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 1194 & 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

67.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 66 of this Complaint.

68.     Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

69.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

70.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

71.     Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

72.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

73.     Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

74.     In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(3) Wages recovered pursuant to this section shall be paid to the affected employee.
(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

75.     DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production side of DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the California Labor Code and Industrial Welfare Commission requirements.

76.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)   The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)   The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

77.   For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)   The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)   The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)   The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)   The employee must execute special assignments and tasks under only general supervision; and,

(f)   The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under the applicable Wage Order.

78.   The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3)(h) and Labor Code § 515 also sets forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and

1    DEFENDANT has the burden of proving that:

2        (a)    The employee is primarily engaged in an occupation commonly recognized as

3               a learned or artistic profession. For the purposes of this subsection, "learned

4               or artistic profession" means an employee who is primarily engaged in the

5               performance of:

6               1)    Work requiring knowledge of an advanced type in a field or science or

7                     learning customarily acquired by a prolonged course of specialized

8                     intellectual instruction and study, as distinguished from a general

9                     academic education and from an apprenticeship, and from training in

10                    the performance of routine mental, manual, or physical processes, or

11                    work that is an essential part or necessarily incident to any of the above

12                    work; or,

13              2)    Work that is original and creative in character in a recognized field of

14                    artistic endeavor, and the result of which depends primarily on the

15                    invention, imagination or talent of the employee or work that is an

16                    essential part of or incident to any of the above work; and,

17              3)    Whose work is predominately intellectual and varied in character (as

18                    opposed to routine mental, manual, mechanical, or physical work) and

19                    is of such character cannot be standardized in relation to a given period

20                    of time.

21       (b)    The employee must customarily and regularly exercise discretion and

22               independent judgment; and,

23       (c)    The employee earns a monthly salary equivalent to no less than two (2) times

24               the state minimum wage for full-time employment.

25   No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because

26   they all fail to meet the requirements of being a "professional" within the meaning of the

27   applicable Wage Order.

28       79.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members do not

1   fit the definition of an exempt executive, administrative, or professional employee because:

2       (a)   They did not work as executives or administrators; and,

3       (b)   The professional exemption does not apply to the PLAINTIFF nor to the other

4             members of the CALIFORNIA LABOR SUB-CLASS because they did not

5             meet all the applicable requirements to work under the professional exemption

6             for the reasons set forth above in this Complaint.

7       80.   During the CLASS PERIOD, the PLAINTIFF and the CALIFORNIA LABOR

8   SUB-CLASS members worked more than eight (8) hours in a workday, forty (40) hours in a

9   workweek, and/or worked hours on the seventh (7th) consecutive day of a workweek.

10      81.   At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the

11  CALIFORNIA LABOR SUB-CLASS members overtime compensation for the hours they

12  have worked in excess of the maximum hours permissible by law as required by Cal. Lab.

13  Code §§ 510 and 1198, even though the PLAINTIFF and the CALIFORNIA LABOR SUB-

14  CLASS members were regularly required to work, and did in fact work, overtime hours.

15      82.   By virtue of DEFENDANT's unlawful failure to pay additional compensation

16  to the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for their

17  overtime hours, the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members

18  have suffered and will continue to suffer an economic injury in amounts which are presently

19  unknown to them and which will be ascertained according to proof at trial.

20      83.   DEFENDANT knew or should have known that the PLAINTIFF and the

21  CALIFORNIA LABOR SUB-CLASS members were misclassified as exempt and

22  DEFENDANT systematically elected, either through intentional malfeasance or gross

23  nonfeasance, not to pay them for their overtime labor as a matter of uniform, corporate

24  policy, practice and procedure.

25      84.   Therefore, the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

26  members request recovery of overtime compensation according to proof, interest, costs, as

27  well as the assessment of any statutory penalties against DEFENDANT, in a sum as

28  provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime compensation

1   is determined to be owed to members of the CALIFORNIA LABOR SUB-CLASS who

2   have terminated their employment, these employees would also be entitled to waiting time

3   penalties under Cal. Lab. Code § 203, which penalties are sought herein. Further, the

4   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are

5   entitled to seek and recover statutory costs.

6          85.    In performing the acts and practices herein alleged in violation of labor laws

7   and refusing to provide the requisite overtime compensation, DEFENDANT acted and

8   continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

9   toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious

10  and utter disregard of their legal rights, or the consequences to them, and with the despicable

11  intent of depriving them of their property and legal rights and otherwise causing them injury

12  in order to increase corporate profits at the expense of the PLAINTIFF and the members of

13  the CALIFORNIA CLASS.

14

15                          **THIRD CAUSE OF ACTION**

16         **For Failure to Provide Accurate Itemized Wage Statements**

17                          **[Cal. Lab. Code § 226]**

18            **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

19         86.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members reallege

20  and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 85

21  of this Complaint.

22         87.    Cal. Lab. Code § 226 provides that an employer must furnish employees

23  with an "accurate itemized" statement in writing showing:

24         (1) gross wages earned,
           (2) total hours worked by the employee, except for any employee whose
25  compensation is solely based on a salary and who is exempt from payment of
    overtime under subdivision (a) of Section 515 or any applicable order of the
26  Industrial Welfare Commission,
           (3) the number of piecerate units earned and any applicable piece rate if the employee
27  is paid on a piece-rate basis,
           (4) all deductions, provided that all deductions made on written orders of the
28  employee may be aggregated and shown as one item,
           (5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

88.     At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective overtime rates of pay.

89.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members.  These damages include, but are not limited, to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

### FOURTH CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

90.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 89 of this Complaint.

91.     Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

92.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT failed to reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are not limited, to home office expenses including a fax machine, printer and shredder. COVENTRY's uniform policy, practice and procedure was to not reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for home office expenses necessary to complete their principal job duties. DEFENDANT provided the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with a monthly quota to purchase all of their expenses, including their home office expenses, but the monthly quota was inadequate and insufficient for these employees to effectively perform their job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members , DEFENDANT failed to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

93.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members were forced by the expectation of DEFENDANT and DEFENDANT's unwritten policy to contribute to the DEFENDANT's business expenses, which expenses must be refunded by DEFENDANT to each member of the CALIFORNIA LABOR SUB-CLASS.

94.     Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post judgment rate of ten percent (10%) simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

95.     PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by her and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Labor Code § 2802.

### FIFTH CAUSE OF ACTION

**For Failure to Pay Overtime Compensation**

**[Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*]**

**(By PLAINTIFF and the COLLECTIVE CLASS and against All Defendants)**

96.     PLAINTIFF and the COLLECTIVE CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 95 of this Complaint.

97.     DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

98.     PLAINTIFF further brings the Fifth Cause of Action on behalf of a COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 which consists of all Class Members employed in California by DEFENDANT during the period beginning three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS PERIOD"), and who performed work in excess of forty (40) hours in a workweek (the "COLLECTIVE CLASS").

99.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

100.    29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

101.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

102.   DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the COLLECTIVE CLASS members who worked on the production side of DEFENDANT's business enterprise. This was done in an illegal attempt to avoid the payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

103.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the PLAINTIFF and the COLLECTIVE CLASS members are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek. DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

104.   29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

105.   The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such

as medical doctors, architects and archeologists. Class Members either do not hold an advanced degree, have not taken any prolonged course of specialization, and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

106.   For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)   The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c)   The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)   The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under Section 13 of the FLSA and 29 C.F.R. 541.100.

107.   For an employee to be exempt as a bona fide "administrator,"all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)   The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(c)   The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)   The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)   The employee must be primarily engaged in duties which meet the test of

1    exemption.

2    No member of the COLLECTIVE CLASS was or is an administrator because they all fail to

3    meet the requirements of for being an "administrator" under Section 13(a) of the FLSA and 29

4    C.F.R. 541.300.

5        108.    For an employee to be exempt as a bona fide "professional", DEFENDANT has

6    the burden of proving that the primary duty of the employee is the performance of work that:

7        (a)     Requires knowledge of an advanced type in a field of science or learning

8                customarily acquired by a prolonged course of specialized intellectual instruction;

9                or

10       (b)     Requires invention, imagination, originality or talent in a recognized field of

11               artistic or creative endeavor.

12   No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet

13   the requirements of being an "professional" within the meaning of 29 CFR 541.300.

14       109.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF and the

15   COLLECTIVE CLASS members worked more than forty (40) hours in a workweek.

16       110.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the

17   COLLECTIVE CLASS members overtime compensation for the hours they have worked in

18   excess of the maximum hours permissible by law as required by Section 207 of the FLSA, even

19   though the PLAINTIFF and the COLLECTIVE CLASS members were regularly required to

20   work, and did in fact work, overtime hours.

21       111.    For purposes of the Fair Labor Standards Act, the employment practices of

22   DEFENDANT were and are uniform throughout California in all respects material to the claims

23   asserted in this Complaint.

24       112.    There are no other exemptions applicable to the PLAINTIFF and/or to the

25   members of the COLLECTIVE CLASS.

26       113.    As a result of DEFENDANT's failure to pay overtime compensation for

27   overtime hours worked, as required by the FLSA, the PLAINTIFF and the COLLECTIVE

28   CLASS members were damaged in an amount to be proven at trial.

1      114.   Therefore, the PLAINTIFF demands that she and the COLLECTIVE CLASS

2  members be paid overtime compensation as required by the FLSA for every hour of overtime

3  worked in any workweek for which they were not compensated, plus interest and statutory costs

4  as provided by law.

5

6                                **PRAYER**

7      WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly

8  and severally, as follows:

9  1.    On behalf of the CALIFORNIA CLASS:

10      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

11              CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

12      B)    An order requiring DEFENDANT to correctly calculate and pay all wages and

13              all sums unlawfuly withheld from compensation due PLAINTIFF and the

14              CALIFORNIA CLASS; and,

15      C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

16              fund for restitution of the sums incidental to DEFENDANT's violations due

17              PLAINTIFF and the CALIFORNIA CLASS according to proof.

18  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

19      A)    That the Court certify the Second, Third and Fourth Causes of Action asserted

20              by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to

21              Fed. R. Civ. Proc. 23(b)(2) and/or (3);

22      B)    Compensatory damages, according to proof at trial, including compensatory

23              damages for overtime compensation due PLAINTIFF and the CALIFORNIA

24              LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-

25              CLASS PERIOD, plus interest thereon at the statutory rate;

26      C)    The wages of all terminated employees in the CALIFORNIA LABOR SUB-

27              CLASS as a penalty from the due date thereof at the same rate until paid or

28              until an action therefore is commenced, in accordance with Cal. Lab. Code §

1          203; and,

2      D)     The greater of all actual damages or fifty dollars ($50.00) for the initial pay

3          period in which a violation occurs and one hundred dollars ($100.00) per each

4          member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

5          subsequent pay period, not exceeding an aggregate penalty of four thousand

6          dollars ($4,000.00), and an award of costs for violation of Cal. Lab. Code §

7          226.

8   3.     On behalf of the COLLECTIVE CLASS:

9      A)     That the Court certify the Fifth Cause of Action asserted by the

10         COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

11      B)     Issue a declaratory finding that DEFENDANT's acts, policies, practices and

12         procedures complained of herein violated provisions of the Fair Labor

13         Standards Act; and

14      C)     That the PLAINTIFF and the COLLECTIVE CLASS members recover

15         compensatory damages and an equal amount of liquidated damages as

16         provided under the law and in 29 U.S.C. § 216(b).

17   4.     On all claims:

18      A)     An award of interest, including prejudgment interest at the legal rate;

19      B)     An award of penalties and cost of suit, as allowable under the law.  Neither

20         this prayer nor any other allegation or prayer in this Complaint is to be

21         construed as a request, under any circumstance, that would result in a request

22         for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

23      C)     Such other and further relief as the Court deems just and equitable.

24   Dated:  April 8, 2011           BLUMENTHAL, NORDREHAUG & BHOWMIK

25

26                        By:

27                          Norman B. Blumenthal
                            Attorneys for Plaintiff

28

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated:   April 8, 2011                BLUMENTHAL, NORDREHAUG & BHOWMIK

5                                         By:_____
                                                Norman B. Blumenthal
6                                               Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28