UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SACV 11-1032 DOC (RNBx)							Date: March 19, 2012

Title: JULIA A. RIEVE V. COVENTRY HEALTH CARE, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                             None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**I. BACKGROUND**

The present action was filed by Plaintiff Julia Rieve ("Plaintiff") on April 11, 2011 in the Northern District of California against Defendants Coventry Health Care, Inc. and Coventry Health Care Workers Compensation, Inc. ("Defendants"). Plaintiff claims that Defendants improperly classified her and similarly situated others as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and the California Labor Code. Plaintiff also asserts that Defendants failed to provide accurate wage statements, reimburse for business expenses, and pay all wages due upon termination, in addition to the fact that they are liable for additional penalties under the Private Attorney General Act ("PAGA"). On July 6, 2011, the parties stipulated to transferring venue to the Central District of California. On September 15, 2011, this Court granted the parties' stipulation for leave for Plaintiff to file a First Amended Complaint ("FAC"), which added an additional cause of action for the Labor Code Private Attorney General Act (Docket 27).  On January 24, 2012, Plaintiff provided Defendants with a proposed stipulation to amend the FAC to remove her Fourth Cause of Action for Failure to Reimburse Employees for Required Expenses in Violation of Cal Lab. Code § 2802; refine the class definition; and add Carrie Gold ("Gold") as a class representative. Defendants do not oppose the first two proposed amendments but object to the addition of Gold as a class representative. Plaintiff now seeks leave of the Court to file the proposed Second Amended Complaint (Docket 40).

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend pleadings] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.* (citation omitted); see *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989). "Although leave to amend is liberally granted under Rule 15(a), undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986). In addition, the futility of amendment and the previous granting of leave to amend may be considered by the Court in deciding whether to allow further amendments. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). Courts have held that " '[t]he single most important factor is whether prejudice will result to the nonmovant.' " *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530 (N.D.Cal.1989) (quoting *SenzaGel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed.Cir.1986)); see also *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D.Cal.1997) ("[T]he resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend. The opposing party has the burden of demonstrating prejudice.").

## III. DISCUSSION

Plaintiff seeks leave to amend her First Amended Complaint in three different respects. Plaintiff's request to remove her Fourth Cause of Action for Failure to Reimburse Employees for Required Expenses in Violation of Cal Lab. Code § 2802 is not opposed by Defendants, nor is her request to refine the class definition. To the extent Plaintiff's Motion for Leave to Amend seeks those changes, it is GRANTED. The only disputed aspect of Plaintiff's Motion for Leave to Amend is her request to add Gold as an additional class representative. Defendants oppose this request on the grounds that adding Gold 1) will prejudice Defendants, 2) is futile, 3) will cause undue delay, and 4) was a bad faith request. The Court will address each of these issues in turn.

A. <u>Prejudice</u>

Defendants first argue that they will be unduly prejudiced if Plaintiff is permitted to add Gold as a class representative. While the Court agrees that prejudice to the opposing party is the most important factor, *see Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003), Defendants have not provided the requisite showing of prejudice in the present case.

"Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case." *Wehlage v. EmpRes Healthcare Inc.,* No. C 10-5839 CW, 2012 WL 380364, at *2 (N.D. Cal. Feb. 6, 2012) (citing *Acri,* 781 F.2d at 1398-99). " 'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to

be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A v. Aeronex, Inc*., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).  The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Beeck v. Aquaslide 'N' Dive Corp*., 562 F.2d 537, 540 (9th Cir.1977). There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052.

Defendants' reliance on *Soto v. Castlerock Farming and Transport, Inc.* is unpersuasive. No. 1:09-cv-00701 AWI JLT, 2011 WL 3489876 (E.D. Cal. Aug. 9, 2011). There, plaintiffs had filed five pleadings since the initiation of the case in 2005 and had been on notice for two years that defendants intended to challenge the adequacy and typicality of the initial class representatives. *Id.* at *3-4. The discovery deadline for class certification had already passed and amendment would have required modification of the scheduling order. *Id.* at *6-7.

This Court finds the present situation more analogous to *Cedano v. Thrifty Payless, Inc.,* No. CV-10-237-HZ, 2011 WL 5117930 (D. Or. Oct. 25, 2011). There, as here, defendants argued that they had already expended significant time on discovery for the initial class representatives and that it would be prejudicial to only have two months to conduct discovery as to a new class representative.  *Id.* at *4. The *Cedano* court, however, analyzed each of the cases cited by Defendants in the present case and determined that granting the motion to amend would not unduly prejudice the defendants in that case. The similarities between the facts in *Cedano* and the present case lead this Court to the same result. The motion to amend in *Cedano* was not filed at the discovery cut off or on the even of trial and amendment did not require the modification of any scheduling order. *Id.* at *5. Although some discovery has taken place in the present case, there has not yet been a motion for class certification filed, nor has a trial date been set. The present motion to amend would also not expand the scope of litigation, as was also the case in *Cedano*.

Like the *Cedano* court, this Court is not persuaded by Defendants' citations to cases in which the litigation had advanced much further or in which the motion to amend would have significantly expanded the scope of litigation. The mere fact that amendment will necessitate some amount of additional discovery is not, in itself, a per se reason to deny the motion to amend. The Court does not find that Defendants would be unduly prejudiced by the addition of Gold as a class representative.

B. Futility

Defendants next argue that Plaintiff's motion to amend should be denied because the addition of Gold would be futile. A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. RykoffSexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). At this stage, the Court looks to Plaintiff's allegations as set forth in the complaint, not Defendants' assessment of the merits of the underlying claims or quantum of damages. See *SAES Getters*, 219 F.Supp.2d at 1086 (legal sufficiency of proposed amendment is analyzed under Rule 12(b)(6) standard where

the plaintiff's allegations are taken as true). Because Plaintiff's allegations must be taken as true and it would be inappropriate to determine the merits of Gold's substantive claims at this stage, the Court does not find that the proposed amendment would be futile

C. Undue Delay

Defendants also argue undue delay. In assessing this factor, courts consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Eminence Capital*, 316 F.3d at 1052. In addition, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Jackson,* 902 F.2d at 1387.

Here, the present motion to amend is only the second amendment sought by Plaintiff and it came a mere two months after Plaintiff learned of Gold's potential to be a class representative. Reply, 4-5. The Court thus finds that Plaintiff did not unduly delay in bringing the present motion to amend. Two months is a reasonable time frame in which to both investigate potential new class representatives and draft a motion to amend. This case is thus distinguishable from *Bull v. City of San Francisco,* in which the plaintiffs should have been named years earlier. No. C 03-01840 CRB, 2010 WL 3516099, at *8 (N.D. Cal. Sept. 8, 2010).

The proposed amendment would also not unduly delay the litigation. As discussed earlier, the amendment does not require the amendment of any scheduling order and the class certification motion has not yet been briefed. The Court thus does not find that the proposed amendment was unduly delayed, nor would it unduly delay the litigation at the present time.

D.  Bad Faith

Defendants' primary argument is that Plaintiff's bad faith is demonstrated because she filed her motion to amend eight months after Defendants raised adequacy and typicality issues and only two weeks after Defendants announced their intent to file a summary judgment motion. Yet, as discussed earlier, Plaintiff was only made aware of Gold's potential to be a class representative two months before filing the motion to amend. The Court thus finds Defendants' bad faith argument entirely unpersuasive.

**IV. DISPOSITION**

Because the Court finds that granting the motion to amend would not cause undue prejudice to Defendants, would not necessarily be futile, would not cause undue delay, and was not brought in bad faith, Plaintiff's Motion to Amend is GRANTED.

Plaintiff must manually file the Second Amended Complaint by **March 26, 2012.**