1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**

2   NORMAN B. BLUMENTHAL (SBN 068687)
    norm@bamlawlj.com

3   KYLE R. NORDREHAUG (SBN 205975)
    kyle@bamlawlj.com

4   APARAJIT BHOWMIK (SBN 248066)
    aj@bamlawlj.com

5   2255 Calle Clara
    La Jolla, California 92037

6   Telephone: 858-551-1223
    Facsimile: 858-551-1232

7
    Attorneys for Plaintiffs

8
    **MORGAN, LEWIS & BOCKIUS LLP**

9   JOHN S. BATTENFELD
    State Bar No. 119513

10  300 South Grand Avenue
    Twenty-Second Floor

11  Los Angeles, California 90071-3132
    Tel. 213.612.2500

12  Fax: 213.612.2501

13  MICHAEL J. PUMA (admitted *pro hac vice*)
    1701 Market Street

14  Philadelphia, Pennsylvania 19103
    Tel. 215.963.5000

15  Fax: 215.963.5001
    Attorneys for Defendants

16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20  JULIA A. RIEVE and CARRIE GOLD, individuals, on behalf of themselves and all persons similarly situated, | CASE NO. 11 CV 1032 DOC (MLGx) |
| 21 | **STIPULATION REGARDING ATTORNEYS' EYES ONLY MATERIALS PROVIDED ONLY FOR PURPOSE OF MEDIATION** |
| 22              Plaintiff, | |
| 23  vs. | |
| 24  COVENTRY HEALTH CARE, INC.; and COVENTRY HEALTH CARE WORKERS COMPENSATION, INC., | |
| 25 | |
| 26 | |
| 27              Defendant. | |

28

BLUMENTHAL,
NORDREHAUG &
BHOWMIK

1                                           11-1032

1    Plaintiffs Julia A. Rieve and Carrie Gold ("Plaintiffs") and Defendants

2  Coventry Healthcare, Inc. and Coventry Healthcare Workers Compensation, Inc.

3  ("Defendants"), hereby submit this Stipulation Regarding Attorneys' Eyes Only

4  Materials Provided Only for Purpose of Mediation.  The parties respectfully

5  request the Court enter an Order approving their Stipulation on the following

6  grounds:

7    Whereas, the parties are obligated by the Court to explore possibilities for

8  settlement;

9    Whereas, the parties have met and conferred and agreed on a private

10  mediator;

11    Whereas, the parties have scheduled a mediation conference on August 7,

12  2012.

13                              **STIPULATION**

14    1.    When used in this Stipulation, the word "documents" shall have the

15  broadest meaning possible and shall include, without limitation, all originals

16  written, recorded or graphic matters and all copies thereof, as well as all electronic

17  data.

18    2.    Any document or portions thereof, testimony, data or other

19  information produced for the purposes of mediation of this action by any party to

20  this action or by a third party may be designated "Attorneys' Eyes Only – For

21  Mediation Only" by the producing party.

22    3.    Materials designated "Attorneys' Eyes Only – For Mediation Only"

23  shall be referred to herein as "Attorneys' Eyes Only Mediation Materials."

24  Materials exchanged by the parties informally may be brought within the terms of

25  this Stipulation by written notification to counsel at the time of any such exchange.

26    4.    Attorneys' Eyes Only Mediation Materials may include information

27  relating to the employment information of the putative class members, including

28  compensation information.

BLUMENTHAL,
NORDREHAUG &
BHOWMIK

11-1032

1    5.    Any counsel receiving Attorneys' Eyes Only Mediation Materials in

2  this action shall use such Attorneys' Eyes Only Mediation Materials solely for the

3  purposes of exploring possibilities for settlement during or after the course of

4  mediation of this action and shall maintain such Attorneys' Eyes Only Mediation

5  Materials in a reasonably secure manner so as to avoid disclosure of their contents.

6    6.    The "Attorneys' Eyes Only – For Mediation Only" designation

7  provided for in paragraph 2 of this Stipulation may be made at or prior to the time

8  of production of documents by stamping the designation "Attorneys' Eyes Only –

9  For Mediation Only" on each page of the matter produced.  Inadvertent failure to

10  designate materials as "Attorneys' Eyes Only – For Mediation Only" at the time of

11  production may be remedied thereafter by written notice of supplemental

12  production of the materials with the "Attorneys' Eyes Only – For Mediation Only"

13  designation.  Upon the service of such notice and supplemental production, the

14  materials shall be subject to the Stipulation and any related Order on this

15  Stipulation as if they had been initially so designated.  Attorneys' Eyes Only

16  Mediation Materials produced in electronic form (such as electronic files contained

17  in compact disks, zip drives, etc.) may be designated as Attorneys' Eyes Only

18  Mediation Materials by labeling the electronic medium in which the materials are

19  produced (compact disk, zip drive, etc.) as "Attorneys' Eyes Only – For Mediation

20  Only."  All Attorneys' Eyes Only Mediation Materials contained in an electronic

21  medium so labeled shall be deemed to have the designation given to the electronic

22  medium unless otherwise stated at the time of production.

23    7.    No Attorneys' Eyes Only Mediation Materials shall be disclosed

24  directly or indirectly, to any person other than:

25      (a)    the Mediator;

26      (b)    the attorneys and employees of the attorneys' law firms who are

27         working on this litigation;

28      (c)    any expert or consultant retained or consulted by any party in

BLUMENTHAL,
NORDREHAUG &
BHOWMIK

3                                          11-1032

1    connection with this action; or

2         (d)    copy services.

3         8.    All persons to whom Attorneys' Eyes Only Mediation Materials are

4    disclosed pursuant to subparagraph 7(c) above shall be advised of the existence of

5    the Court's Order on this Joint Motion.

6         9.    In the event the mediation is unsuccessful and does not result in a

7    settlement of the action, the parties to this Stipulation agree that all Attorneys' Eyes

8    Only Mediation Materials will promptly be returned to counsel for the producing

9    party, although the parties may jointly agree in writing to extend the deadline for

10   return during the course of any continued settlement discussions up to and

11   including any order granting final approval to a class settlement.

12        10.   This Stipulation shall not prejudice the ability of any party to later seek

13   any Attorneys' Eyes Only Mediation Materials through the normal course of

14   discovery.  Further, the parties to this Stipulation reserve the right to make all

15   appropriate objections to discovery requests that seek Attorneys' Eyes Only

16   Mediation Materials including the right to seek a protective order to prevent or limit

17   their disclosure.

18        11.   The Court's Order on this Stipulation shall survive the final

19   determination of this action and shall remain in full force and effect after

20   conclusion of all proceedings herein to provide the Court with ancillary jurisdiction

21   to enforce its terms.

22        12.   The recipients of Attorneys' Eyes Only Mediation Materials have the

23   responsibility, through counsel, to advise each other of any losses or compromises

24   of the confidentiality of information or documents governed by this Stipulation.

25   Each designating party has the responsibility of notifying any other party if any

26   Attorneys' Eyes Only Mediation Materials are subsequently no longer maintained

27   in a confidential manner or they are disclosed or used in a manner which no longer

28   preserves their confidentiality, or if the designating party no longer considers the

1   materials to be confidential.  Nothing herein shall be construed to limit in any way

2   the parties' use or disclosure of their own lawfully and properly obtained

3   documents, materials, or information designated as "Attorneys' Eyes Only – For

4   Mediation Only."

5

6   Dated: July 3, 2012                    BLUMENTHAL, NORDREHAUG &
                                           BHOWMIK

7

8                                          By:*/s/ Aparajit Bhowmik*
                                               APARAJIT BHOWMIK
9                                              Attorneys for Plaintiffs

10  Dated: July 3, 2012                    MORGAN, LEWIS & BOCKIUS LLP

11

12                                         By:*/s/ Michael J. Puma*
                                               MICHAEL J. PUMA (admitted *pro hac vice*)
13                                             Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28