1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
2  NORMAN B. BLUMENTHAL (SBN 068687)
   norm@bamlawlj.com
3  KYLE R. NORDREHAUG (SBN 205975)
   kyle@bamlawlj.com
4  APARAJIT BHOWMIK (SBN 248066)
   aj@bamlawlj.com
5  2255 Calle Clara
   La Jolla, California 92037
6  Telephone: 858-551-1223
   Facsimile: 858-551-1232
7
   Attorneys for Plaintiffs
8
   **MORGAN, LEWIS & BOCKIUS LLP**
9  JOHN S. BATTENFELD
   State Bar No. 119513
10 300 South Grand Avenue
   Twenty-Second Floor
11 Los Angeles, California 90071-3132
   Tel. 213.612.2500
12 Fax: 213.612.2501

13 MICHAEL J. PUMA (admitted *pro hac vice*)
   1701 Market Street
14 Philadelphia, Pennsylvania 19103
   Tel. 215.963.5000
15 Fax: 215.963.5001
   Attorneys for Defendants

16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| JULIA A. RIEVE and CARRIE GOLD, individuals, on behalf of themselves and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COVENTRY HEALTH CARE, INC.; and COVENTRY HEALTH CARE WORKERS COMPENSATION, INC.,<br><br>Defendant. | CASE NO. SACV11-01032 DOC (MLGx)<br><br>[~~PROPOSED~~] ORDER REGARDING ATTORNEYS' EYES ONLY MATERIALS PROVIDED ONLY FOR PURPOSE OF MEDIATION |

Having reviewed the parties' Stipulation Regarding Attorneys' Eyes Only Materials Provided Only for Purpose of Mediation, IT IS HEREBY ORDERED:

1. When used in this Stipulation, the word "documents" shall have the broadest meaning possible and shall include, without limitation, all originals written, recorded or graphic matters and all copies thereof, as well as all electronic data.

2. Any document or portions thereof, testimony, data or other information produced for the purposes of mediation of this action by any party to this action or by a third party may be designated "Attorneys' Eyes Only – For Mediation Only" by the producing party.

3. Materials designated "Attorneys' Eyes Only – For Mediation Only" shall be referred to herein as "Attorneys' Eyes Only Mediation Materials." Materials exchanged by the parties informally may be brought within the terms of this Stipulation by written notification to counsel at the time of any such exchange.

4. Attorneys' Eyes Only Mediation Materials may include information relating to the employment information of the putative class members, including compensation information.

5. Any counsel receiving Attorneys' Eyes Only Mediation Materials in this action shall use such Attorneys' Eyes Only Mediation Materials solely for the purposes of exploring possibilities for settlement during or after the course of mediation of this action and shall maintain such Attorneys' Eyes Only Mediation Materials in a reasonably secure manner so as to avoid disclosure of their contents.

6. The "Attorneys' Eyes Only – For Mediation Only" designation provided for in paragraph 2 of this Stipulation may be made at or prior to the time of production of documents by stamping the designation "Attorneys' Eyes Only – For Mediation Only" on each page of the matter produced. Inadvertent failure to designate materials as "Attorneys' Eyes Only – For Mediation Only" at the time of production may be remedied thereafter by written notice of supplemental

production of the materials with the "Attorneys' Eyes Only – For Mediation Only" designation. Upon the service of such notice and supplemental production, the materials shall be subject to the Stipulation and any related Order on this Stipulation as if they had been initially so designated. Attorneys' Eyes Only Mediation Materials produced in electronic form (such as electronic files contained in compact disks, zip drives, etc.) may be designated as Attorneys' Eyes Only Mediation Materials by labeling the electronic medium in which the materials are produced (compact disk, zip drive, etc.) as "Attorneys' Eyes Only – For Mediation Only." All Attorneys' Eyes Only Mediation Materials contained in an electronic medium so labeled shall be deemed to have the designation given to the electronic medium unless otherwise stated at the time of production.

7. No Attorneys' Eyes Only Mediation Materials shall be disclosed directly or indirectly, to any person other than:

(a) the Mediator;
(b) the attorneys and employees of the attorneys' law firms who are working on this litigation;
(c) any expert or consultant retained or consulted by any party in connection with this action; or
(d) copy services.

8. All persons to whom Attorneys' Eyes Only Mediation Materials are disclosed pursuant to subparagraph 7(c) above shall be advised of the existence of the Court's Order on this Joint Motion.

9. In the event the mediation is unsuccessful and does not result in a settlement of the action, the parties to this Stipulation agree that all Attorneys' Eyes Only Mediation Materials will promptly be returned to counsel for the producing party, although the parties may jointly agree in writing to extend the deadline for return during the course of any continued settlement discussions up to and including any order granting final approval to a class settlement.

10. This Stipulation shall not prejudice the ability of any party to later seek any Attorneys' Eyes Only Mediation Materials through the normal course of discovery. Further, the parties to this Stipulation reserve the right to make all appropriate objections to discovery requests that seek Attorneys' Eyes Only Mediation Materials including the right to seek a protective order to prevent or limit their disclosure.

11. The Court's Order on this Stipulation shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms.

12. The recipients of Attorneys' Eyes Only Mediation Materials have the responsibility, through counsel, to advise each other of any losses or compromises of the confidentiality of information or documents governed by this Stipulation. Each designating party has the responsibility of notifying any other party if any Attorneys' Eyes Only Mediation Materials are subsequently no longer maintained in a confidential manner or they are disclosed or used in a manner which no longer preserves their confidentiality, or if the designating party no longer considers the materials to be confidential. Nothing herein shall be construed to limit in any way the parties' use or disclosure of their own lawfully and properly obtained documents, materials, or information designated as "Attorneys' Eyes Only – For Mediation Only."

IT IS SO ORDERED.

DATED: July 6, 2012

_____
MARC L. GOLDMAN
United States Magistrate Judge