O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 11-1032 DOC (MLGx)            Date: August 6, 2012

Title: RIEVE  -V-  COVENTRY HEALTH CARE INC ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Before the Court is a Motion for Interlocutory Appeal filed by Defendants (Docket 128). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court DENIES the Motion.

### I. Background

The parties are familiar with the factual background of this case from this Court's Order granting in part and denying in part Defendants' summary judgment motion and sua sponte granting in part summary judgment for Plaintiff. *See* Docket 107. Defendants now seek interlocutory appeal on one discrete issue from that Order.

### II. Legal Standard

An interlocutory appeal is appropriate where the order subject to appeal: 1) involves a controlling question of law; 2) as to which there is a substantial ground for difference of opinion; and 3) an immediate appeal from the order may materially advance the ultimate termination of litigation. 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F. 3d 1064, 1067 n.6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (MLGx)            Date: August 6, 2012
                                                                                  Page 2

(9th Cir. 2002). Indeed, the legislative history of § 1292 suggests that it ought to be used, "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *Milbert v. Bison Laboratories*, 260 F.2d 431, 433-35 (3d Cir. 1958).

### III.    Discussion

Defendants request that this Court certify the following issue: "whether the Court properly concluded as a matter of law that Plaintiff Julia Rieve could not qualify for the California professional exemption because she was entitled to protection Wage Order 4-2001 § 1(A)(3)(f) provides to registered nurses 'employed to engage in the practice of nursing,' despite the Court's specific finding that Plaintiff Rieve was not employed to engage in the practice of nursing" (the "Controlling Question"). The Court will analyze, in turn, whether 1) the Controlling Question involves a controlling question of law; 2) there is a substantial ground for difference of opinion; and 3) if an immediate appeal from the order may materially advance the ultimate termination of litigation.

      A. <u>There is not a controlling question of law</u>.

A controlling question of law means that the resolution on appeal could have a material affect on the outcome of the case in the district court. *In re Cement Antitrust Litigation,* 673 F.2d 1020, 1026 (1982). Examples of controlling questions of law include "fundamental issues such as "'the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied.'" *Id.* at 1026-27 (quoting *United States v. Woodbury,* 263 F.2d 784, 7878 (9th Cir. 1959)).

The Controlling Question is not a "pure" question of law such that it is appropriate for interlocutory appeal. Although Defendants are correct that whether Plaintiff is subject to the professional exemption can be decided as a matter of law, an analysis of the Controlling Question would still necessitate a detailed inquiry into the record. The Seventh Circuit has clarified this subtle but important distinction:

> We think they used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (MLGx)          Date: August 6, 2012
         Page 3

---

> turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000). Here, even though this Court has determined that there are no factual disputes, the Controlling Question is not a "pure" question of law that the Ninth Circuit could decide it quickly and without having to study the record. Defendants argue that this Court did not sufficiently analyze whether Plaintiff's job duties could independently qualify for the professional exemption. In order to answer the Controlling Question, Defendants would apparently ask the Circuit to undertake that task. As such, the Controlling question is not an "abstract legal issue" appropriate for interlocutory appeal. *See id.* at 677 ("To summarize, district judges should use section 1292(b) when it should be used, avoid it when it should be avoided, and remember that "question of law" means an abstract legal issue rather than an issue of whether summary judgment should be granted.").

       This Court also agrees with the First Circuit's distinction between the existence of an exemption and issue of the extent of such exemption. In *Palandjian v. Pahlavi*, the First Circuit held that "the question of *whether* Massachusetts would recognize the principle of duress as tolling the statute would be a good example of a "controlling question of law." But the question of the *extent* of such an exception is a classic example of what is not to be raised by intermediate appeals." 782 F.2d 313, 314 (1st Cir. 1986). This Court agrees. Here, Defendants challenge the outer boundaries of the California professional exemption. Such an inquiry would likely be fact-intensive, unique to this case, and not the abstract type of question could be decided without significant engagement with the facts of this case.

       B. <u>There is not substantial ground for difference of opinion</u>.

       Defendants argue that there is substantial ground for difference of opinion as to the Controlling Question essentially because it is an issue of first impression and because Defendants disagree with this Court's ruling. Yet, "[i]t is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010). Just because no other court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (MLGx)            Date: August 6, 2012
                                                                               Page 4

directly addressed the contours of the California professional exemption relevant to this case is not a basis for assuming that there is substantial ground for difference of opinion.

In *Strauss*, the court noted that although the party seeking the appeal showed "that its own opinion differs from the Court's . . . if district courts certified an order for appeal in every instance in which a party disagreed with a court's opinion, the 'exceptional circumstances' requirement for interlocutory appeals would be rendered meaningless and piecemeal litigation would become commonplace." *Strauss v. Sheffield Ins. Corp.,* No. 05CV1310-H(CAB), 2006 WL 6158770, at *4 (S.D. Cal. June 23, 2006). Rather, the primary inquiry is "the strength of the arguments in opposition to the challenged ruling." *Helman v. Alcoa Global Fasteners, Inc.,* No. CV 09-1353, 2009 WL 2058541, at *5 (C.D. Cal. June 16, 2009) (quoting *Ryan, Beck & Co., LLC v. Fakih,* 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003).

Here, "[s]ignificantly, defendants have not provided a single case that conflicts with the district court's construction or application of [the applicable law]." *Id.* at 633. Rather, Defendants primarily argue that this Court did not engage in an independent analysis of whether Plaintiff's job duties can independently satisfy the professional exemption. This Court, however, engaged in an extremely detail-oriented analysis of Plaintiff's job duties and concluded that, because those duties closely mirrored those of a registered nurse engaged in the practice of nursing, Plaintiff did not satisfy the professional exemption. The fact that Defendants are not satisfied by that analysis is not a strong enough argument to create the exceptional circumstances required for interlocutory appeal.

"[I]nterlocutory review "should not be used merely to provide a review of difficult rulings in hard cases." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ready Pac Foods, Inc.*, CV 09-3220 RSWL MANX, 2011 WL 1059284 (C.D. Cal. Mar. 18, 2011) (citing *U.S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (1966)). The Court understands that Defendants disagree with its ruling; unfortunately, that alone does not satisfy the requirement that there be substantial ground for difference of opinion. This case is one of mere disagreement and not a sharply divided issue about which reasonable minds could strongly disagree.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (MLGx)            Date: August 6, 2012
                                                                                         Page 5

         C. <u>An immediate appeal will not materially advance the ultimate termination of litigation</u>.

         Finally, where "the Court concludes certification would actually delay the resolution of the litigation, certification is not appropriate." *Strauss*, 2006 WL 6158770, at *4 (citing *E. Shurance v. Planning Control Int'l,* 839 F.2d 1347, 1348 (9th Cir. 1988)). In *Strauss* the court refused to certify an interlocutory appeal due to its concern that the final resolution of the interlocutory appeal could take years. *Id.* This case was filed over a year ago, and the hearing on class certification is scheduled for next month. An interlocutory appeal would significantly delay litigation. And, because Defendants made the choice to move for summary judgment before class certification, any interlocutory appeal would only be binding on Plaintiff, the class representative, and not the rest of the class. As such, an interlocutory appeal would not materially advance the ultimate termination of the litigation.

         **IV.**     **Disposition**

         For the aforementioned reasons, Defendants' Motion for Interlocutory Appeal is DENIED.

MINUTES FORM 11
CIVIL-GEN                                                                                   Initials of Deputy Clerk: jcb