NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

JS6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| JULIA A. RIEVE and CARRIE GOLD, individuals, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COVENTRY HEALTH CARE, INC. and COVENTRY HEALTH CARE WORKERS COMPENSATION, INC.,<br><br>Defendants. | Case No. 8:11-cv-01032-DOC-MLG<br><br>[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT [243]<br><br>Judge:   Hon. David O. Carter |

This matter came on for hearing upon the Court's Order of March 10, 2014 (the "Preliminary Approval Order") and following the Plaintiffs' unopposed motion for final approval of the settlement in this action. Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Plaintiffs, Defendants Coventry Health Care, Inc. and Coventry Health Care Workers' Compensation, Inc. (together, "Defendants") and all members of the Class, which consists of all individuals employed by Coventry Health Care Workers' Compensation, Inc. ("CHC-WC") or alleged to be employed by Coventry Health Care, Inc. ("CHC") in whole or in part in California who worked as a Field Case Manager – Medical Workers' Compensation ("FCM") at any time during the period between April 11, 2007 and March 31, 2014 (collectively the "Class" or "Class Members").

2. All terms herein shall have the same meaning as terms defined in the Stipulation, unless specifically provided otherwise herein.

3. The Court grants final approval of the parties' Settlement on the terms set forth in the Stipulation.

4. The Court finds that the distribution by first-class mail of the Notice of Proposed Class Action Settlement and Election Not to Participate in Settlement Form (the "Notice Materials," including Forms A and B thereto) constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to the Class was adequate. These papers informed Class Members of the terms of the Settlement, their right to a share of the Settlement Payment, their right to object to the Settlement, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Fairness Hearing and to be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures, as set forth in the Court's preliminary approval order and the Stipulation. No Class Members objected to the Settlement, and no individuals opted out of the Settlement.

5. The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely

2

[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT

1 | for purposes of effectuating this Settlement, this Court has certified a class of all Class Members,
2 | as that term is defined above.  Because the Rule 23 class is being certified here for settlement
3 | purposes only, the Court need not (and does not) address the manageability requirement of Rule
4 | 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).
5 |       6.      The Court approves the Settlement of the Action, and each of the releases and
6 | other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Class, the
7 | Plaintiffs, and Defendants (collectively "Settling Parties").  The Settling Parties and the
8 | Settlement Administrator are directed to perform in accordance with the terms set forth in the
9 | Stipulation.
10 |       7.      Except as to any individual claim of those persons (identified in Attachment 1
11 | hereto, if any, by employee identification number) who have validly and timely requested
12 | exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed
13 | with prejudice as to the Plaintiffs and the Class Members.  The Settling Parties are to bear their
14 | own attorneys' fees and costs, except as otherwise provided in the Stipulation.
15 |       8.      By this Judgment, the Plaintiffs, on behalf of themselves and their heirs and
16 | assigns, hereby release Coventry Health Care, Inc., Coventry Health Care Workers'
17 | Compensation, Inc., and their past, present and future parents, subsidiaries (whether or not
18 | wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future
19 | parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities'
20 | current and former officers, directors, employees, partners, shareholders, agents, insurers,
21 | successors, assigns, and legal representatives, all in their individual and corporate capacities
22 | (collectively, the "Released Parties"), from any and all claims, damages, costs, obligations, causes
23 | of action, actions, demands, rights, and liabilities of every kind, nature and description, whether
24 | known or unknown, whether anticipated or unanticipated, arising on or before the date the Final
25 | Approval Order becomes Final ("Plaintiffs' Released Claims").  The Plaintiffs' Released Claims
26 | include, but are not limited to, those claims that were or could have been asserted in the Action,
27 | including claims arising under the Fair Labor Standards Act; the California Working Hours Law;
28

3

[XXXPROPOSEDXX] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

the California Payment of Wages Law; California Labor Code §§ 96 through 98.2 et seq., §§ 200 et seq. (including, but not limited to §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 226(a), 226.3 and 226.7), §§ 300 et seq., §§ 400 et seq., §§ 500 et seq. (including but not limited to §§ 510, 512 and 558), § 1194 and §§ 1198-1199; the California Unfair Competition Act and, in particular, the California Business & Professions Code §§ 17200 et seq.; the PAG Act, codified at California Labor Code §§ 2698 et seq.; and California Code of Civil Procedure §1021.5; all discrimination, harassment and retaliation claims; all penalties that were sought or could have been sought in the Action, liquidated damages, related tort and punitive damages, interest, attorneys' fees, litigation costs, restitution, and declaratory or equitable relief.

9. By this Judgment, each Class Member who has not validly and timely requested exclusion from the Settlement by opting out (including the Plaintiffs), shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising during the Class Period as stated in the Class Notice (the period from April 11, 2007 through March 31, 2014), which: (a) were pled in the Action; and/or or (b) could have been pled and which are based on any of the following: (i) alleged failure to pay any time of overtime wages, (ii) alleged failure to pay minimum wages, (iii) alleged failure to provide meal or rest periods, (iv) alleged failure to provide itemized or accurate wage statements, (v) alleged failure to timely pay wages due, before or after the end of employment, (vi) any statutory, constitutional, regulatory, contractual or common law claims for wages, damages, litigation costs, unfair business practices, unfair competition (including, without limitation, claims arising under California Bus. & Prof. Code sections 17200 et seq); and (c) includes any and all of the following based on any of the matters released by the foregoing: penalties (including those arising under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief (the "Participating Class Members' Released Claims"). Expressly excluded from this release for Class Members other than the Plaintiffs are all claims for

4

[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT

1  retaliation, discrimination, unemployment insurance, disability, workers' compensation, and
2  claims arising outside the Class Period.  In addition, each Class Member who has not validly and
3  timely requested exclusion from the Settlement by opting out (including the Plaintiffs), shall be
4  deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released
5  and discharged the Released Parties from any and all claims, obligations, causes of action,
6  actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or
7  unanticipated, arising during the Class Period that were asserted or could have been asserted in
8  the action pursuant to the FLSA based any of the claims described above, and this release
9  includes any and all of the following penalties, liquidated damages, punitive damages, interest,
10 attorneys' fees, litigation costs, restitution, and equitable relief.  By cashing his or her Settlement
11 Share check, each Class Member will have confirmed that he or she consents to be a party-
12 plaintiff in the settled class/collective action and to release all of his or her FLSA claims against
13 the Releasees through the date the check is cashed.

14      10.     By this Judgment, Class Counsel hereby releases all claims, causes of action,
15 demands, damages, costs, rights, and liabilities of every nature and description for attorneys' fees,
16 costs, and expenses against the Released Parties arising from or related to this Action, the
17 Plaintiffs' Released Claims, or the Participating Class Members' Released Claims ("Class
18 Counsel's Released Claims").

19      11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed
20 or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or
21 may be deemed to be or may be cited or used as an admission of, or evidence of, the validity of
22 any of the released claims described above, any wrongdoing or liability of Defendants or any of
23 the Released Parties, or whether class action certification is warranted in this Action or any other
24 proceeding or that decertification is not warranted in this Action or any other proceeding; or (ii) is
25 or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission
26 of Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in
27 any court, administrative agency or other tribunal.  Defendants may file the Judgment from the
28

[XXXPROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

1 above-captioned matter in any other action that may be brought against them in order to support a
2 defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good
3 faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion
4 or similar defense or counterclaim.

5  12. The Action is dismissed on the merits and with prejudice, permanently barring the
6 Plaintiffs and Participating Class Members from prosecuting any of the Participating Class
7 Members' Released Claims, permanently barring the Plaintiffs' from prosecuting any of the
8 Plaintiffs' Released Claims, and permanently barring Class Counsel from prosecuting any of
9 Class Counsel's Released Claims.

10  13. The Court hereby orders the appointment of Carrie Gold as Class Representative
11 for the Class for purposes of the Settlement.

12  14. The Court hereby orders the appointment of Norman Blumenthal, Kyle
13 Nordrehaug, and Aparajit Bhowmik of the law firm of Blumenthal, Nordrehaug, & Bhowmik as
14 Class Counsel for the Class for purposes of Settlement and the releases and other obligations
15 therein.

16  15. Pursuant to the Stipulation, Defendants shall pay Three Million Dollars and No
17 Cents ($3,000,000.00) to fund the Qualified Settlement Fund.  In addition, Defendants shall pay
18 the employer's share of applicable payroll taxes on the Settlement Shares or Plaintiff Settlement
19 Payment.  Defendants shall not be required to make any other payments in connection with the
20 Settlement.

21  16. The Court finds that the plan of allocation for the Qualified Settlement Fund set
22 forth in the Stipulation is fair and reasonable and that distribution of the Qualified Settlement
23 Fund shall be made in accordance with the terms outlined in the Stipulation, subject to the
24 following:

6

[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT

a. The Court hereby awards to Class Counsel attorneys' fees of $1,000,000.00 and costs of $168,179.36.

b. The Court hereby approves the payment of settlement administration costs in the amount of $20,000.00 to the Settlement Administrator, Gilardi & Co., for services rendered in connection with the Settlement.

c. The Court hereby awards to the Carrie Gold an enhancement payment in the amount of $10,000 for her contributions to the Action and to the Estate of Julia Rieve a payment in the amount of $~~40,000~~ 20,000 for her contributions to the Action and to acknowledge that the Court granted summary judgment in Plaintiff Rieve's favor on her California law misclassification claim.

d. The Court hereby approves the payment in the amount of $30,000.00 to the California Labor and Workforce Development Agency ("LWDA") for the Plaintiffs' Private Attorney General Act penalty claims.

e. The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Settlement Administrator, the Plaintiffs, and the LWDA in accordance with the terms of the Stipulation.  These payments shall come out of the Qualified Settlement Fund. After deducting the foregoing, the remaining funds shall constitute the Net Qualified Settlement Fund ("Net QSF"), and the Settlement Administrator shall distribute the Net QSF to the Participating Class Members pursuant to the terms of the Stipulation.

17. All checks sent to Participating Class Members that remain uncashed after one hundred and twenty (120) days, as well as all amounts allocated to Class Members who elect to opt-out of the Settlement, will revert to Defendants.

18. This matter is hereby dismissed with prejudice.  The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representative, the Class, Class Counsel, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

[XXXXXXXX] [PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT

19. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

August 8, 2014

*David O. Carter*

Hon. David O. Carter, U.S.D.J.

[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT